UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No.   25-CR-10058-NMG |
| | ) | |
| v. | ) | |
| | ) | |
| PAULA-CABRAL, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT FINAL STATUS REPORT**

Pursuant to Local Rule 116.5(c), the parties hereby file the following initial status report prepared in connection with the final status conference scheduled for October 3, 2025:

**(1) whether the defendant requests that the case be transferred to the district judge for a Rule 11 hearing;**

Defense Counsel for (8) MILIANO requests that the Court transfer their case to the District Judge for the scheduling of a Rule 11 hearing.

Defense Counsel for (13) JIMENEZ requests that the Court transfer their case to the District Judge for the scheduling of a Rule 11 hearing.

**(2) whether, alternatively, the parties move for a pretrial conference before the district judge in order to resolve pretrial motions (if any) and schedule a trial date and, if so:**

For the remaining Defendants, the parties request that the Court schedule a further final status conference in approximately 90 days.

Of note, the government reports that (3) ANGEL SANTOS was recently apprehended in the Dominican Republic and removed to the United States. SANTOS made his initial appearance in the Northern District of Georgia on September 19, 2025, and was ordered removed to the District of Massachusetts. The government is not specifically aware of the date in which SANTOS will arrive in the District, but will coordinate with the Courtroom Deputy to secure SANTOS conflict-free counsel and arrange for his appearance in this District.

The government also reports that recent attorney changes and motions to withdraw counsel have been filed and are pending. These matters have affected the ability of Defense Counsel to conference the matter and review discovery

**(A)   whether the parties have produced all discovery they intend to produce and, if not, the identity of any additional discovery and its expected production date;**

The government made three substantial discovery productions to the Coordinating Discovery Attorney ("CDA") consisting of well over 40,000 files. Productions were sent on March 18, 2025, March 25, 2025, and April 7, 2025.

To date, the government has produced:

- Production 01: USAO-PROD-00000001 to USAO-PROD-00028581;
- Production 02: USAO-PROD-00028582 to USAO-PROD-00040165; and
- Large File Production 01: USAO-LARGEFILE-000001 to USAO-LARGEFILE-000159 (largely consisting of cell phone extractions, and digital data derived from remote accounts).

Certain Defendants also received defendant-specific disclosures in anticipation of detention hearings, and for individual conferences and discussions.

The government anticipates producing additional discovery materials that have been recently received. Those materials are in the process of being redacted and prepared for distribution to the Coordinating Discovery Attorney.

*Materials Subject to the Protective Order*

On the government's motion (ECF #152), and after opposition (ECF #153) and argument (ECF #165), this Court entered a Protective Order in the case on June 23, 2025 (ECF #170), and an Amended Protective Order on July 1, 2025 (ECF #187).

The government has made extensive early and voluntary disclosure of materials related to cooperating witness statements and other materials subject to the Protective Order that has been entered in this case (the so-called "Protected Materials"). The Protected Materials have not been produced to the Coordinating Discovery Attorney for distribution to defense counsel. Rather, the Protected Materials have been individually watermarked for each defendant and produced directly to defense counsel.

To date, the government has produced the following items subject to the Protective Order:

- USAO-PO-000000 to USAO-PO-007481.

To date, the government has received signed Protective Order Agreements from the following defense counsel: (1) PAULA-CABRAL, (2) JORDANI ROSARIO, (6) DARWIN BATISTA, (7) LIRANZO ROMAN, (9) LANTIGUA, (10) LUIS ENRIQUE SANTANA, AND (12) ISRAEL GARCIA VASQUEZ.

The government has produced the Protective Order Materials to Defense Counsel for (1) PAULA-CABRAL, (2) JORDANI ROSARIO, (6) BATISTA, (7) LIRANZO ROMAN, (9) LANTIGUA, (10) LUIS ENRIQUE SANTANA, AND (12) ISRAEL GARCIA VASQUEZ. These individual productions of watermarked materials (with each defendant name individualized for the

productions) were made after August 5, 2025, as the government received signed Protective Order Agreements.

The government has produced the first production of Protected Materials (Bates Nos. USAO-PO-000000 to USAO-PO-007481) as follows:

    (1) PAULA-CABRAL, on August 8, 2025;

    (2) JORDANI ROSARIO, on September 26, 2025;

    (6) DARWIN BATISTA, on August 15, 2025;

    (7) LIRANZO ROMAN, on August 8, 2025;

    (9) LANTIGUA, on August 15, 2025;

    (10) LUIS ENRIQUE SANTANA, on August 15 ,2025; and

    (12) ISRAEL GARCIA VASQUEZ, on August 8, 2025.

The government has not received signed Protective Order Agreements from counsel for the following defendants: (5) ALBA, (11) LUIS JEFFREY SANTANA, and (14) JANOY BATISTA. Therefore, the government has not yet produced the Protected Materials to these defendants.

The government anticipates producing both additional discovery materials and additional Protected Materials in the next two weeks.

> **(B) whether all discovery requests and motions have been made and resolved and, if not, the nature of the outstanding requests or motions and the date they are expected to be resolved;**

There are no pending discovery requests.

The defendants have not yet determined whether they will make any additional discovery requests.

> **(C) whether all motions under Fed. R. Crim. P. 12(b) have been filed and responded to and, if not, the motions that are expected to be filed and the date they will ready for resolution;**

As review of discovery is ongoing, the defendants have not yet determined whether they will file any pretrial motions.

> **(D) whether the court should order any additional periods of excludable delay, the number of non-excludable days remaining, and whether any matter is currently tolling the running of the time period under the Speedy Trial Act; and**

The Court has excluded the time from the Defendants' initial appearances, through and including October 3, 2025 (ECF #26, 72, 78, 133, 184).

The parties further agree to exclude the time from the final status conference date through the date of the further final status conference, and any Rule 11 hearings scheduled before the District Judge.

### (E) the estimated number of trial days;

The government notes that a trial estimate is largely dependent on which Defendants proceed to trial and which Defendants are tried together. The government estimates this to be a three-to-four-week trial, assuming half-days.

**(3) any other matters specific to the particular case that would assist the district judge upon transfer of the case from the magistrate judge.**

### (A)    Review of the Status Report

The government reports that it sent the draft status report to the defense group on September 26, 2025. The government reports that as of the filing of this report, the government received assent to file the status report from defense counsel for**:** (1) PAULA-CABRAL, (2) JORDANI ROSARIO, (6) DARWIN BATISTA, (7) LIRANZO ROMAN, (8) MILIANO, (9) LANTIGUA, (10) LUIS ENRIQUE SANTANA, (12) ISRAEL GARCIA VASQUEZ, and (13) JIMENEZ.

Of note, (11) LUIS JEFFREY SANTANA has a pending motion to withdraw as counsel scheduled to be heard October 2, 2025.

### (B)    Expert Discovery

The Government agrees to provide any expert witness disclosures 21 days prior to trial. The Defendants agree to provide any expert witness disclosures 14 days prior to trial.

### (C)    Overall Case Status

Defendant (3) ANGEL SANTOS has been apprehended and made his initial appearance in the Northern District of Georgia on September 19, 2025, following his deportation from the Dominican Republic (see e.g., ECF #222). SANTOS has been ordered transferred to the District of Massachusetts.

Defendant (4) AARON DIAZ LIRANZO has pleaded guilty and was sentenced on July 16, 2025 to 168 months (ECF# 193).

Defendants (8) MICHAEL MILIANO and (13) JAMES JIMENEZ are seeking a Rule 11 hearing.

The Defendants in the related cases of *United States v. Elvis Trujillo*, Docket No. 24-CR-10336-NMG, and *United States v. Yeferson Vallecillo Cambar*, Docket No. 24-CR-10335-NMG remain

pending. The Defendants in those two matters were extradited to the United States and made their initial appearances in Boston on September 25, 2025, before M.J. Boal. Both cases were set for initial status conference on October 3, 2025, to coincide with the status conference in the *Paula Cabral, et. al.* case.

Respectfully submitted,

LEAH B. FOLEY,
United States Attorney

By: */s/ Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

Date: September 29, 2025

### CERTIFICATE OF SERVICE

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:  September 29, 2025                    */s/ Philip A. Mallard*
                                             Philip A. Mallard
                                             Assistant United States Attorney